UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY NORMAN,

        Plaintiff,

v.                                        Case No. 5:05-CV-93
                                             Hon. Gordon J. Quist

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

        _____/

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB).

Plaintiff was born on November 23, 1953, completed high school and attended special job training in building maintenance and weatherization (AR 34A, 42).[1] Plaintiff stated that he became disabled on January 1, 2000 (AR 34B). He had previous employment as a line leader, day laborer, service coordinator, hi-lo operator and janitorial worker at the MDOC (AR 58, 152-53, 170). Plaintiff identified his disabling neurofibromatosis,[2] spondylosis, arthritis and scoliosis (AR 36). After administrative denial of plaintiff's claim, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying these claims on January 27, 2005 (AR 11-

---

[1] Citations to the administrative record will be referenced as (AR "page #").

[2] "Neurofibromatosis" is defined as "a familial condition characterized by developmental changes in the nervous system, muscles, bones and skin marked superficially by the formation of multiple pedunculated soft tumors (neurofibromas) distributed over the entire body associated with areas of pigmentation." *Dorland's Illustrated Medical Dictionary* (28th Ed.) at 1129.

17).  This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I.  LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990).  "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).   A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only.  This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).  The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits.  A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fourth step of the evaluation. Following the five steps, the ALJ initially found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (AR 16). Second, the ALJ found that he suffered from severe impairments of degenerative disc disease and neurofibromatosis (AR 14). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 16). The ALJ decided at the fourth step that plaintiff had the residual functional capacity (RFC) for a range of light work as follows:

> claimant's impairments preclude him from: lifting or carrying over 20 pounds at one time or more than 10 pounds frequently; using ladders, scaffolds or ropes; more than occasional bending, twisting, or turning at the waist; performing over-the-shoulder tasks with the right upper extremity.

(AR 15).

The ALJ found that plaintiff's past relevant work as a service coordinator did not require the performance of work-related activities precluded by his RFC (AR 16). The ALJ also found plaintiff's allegations regarding his limitations were not totally credible (AR 16). Accordingly, the ALJ determined that plaintiff was not under a "disability" as defined by the Social Security Act and entered a decision denying benefits (AR 16-17).

## III. ANALYSIS

Plaintiff did not set forth "a Statement of Errors, identifying and numbering each specific error of fact or law upon which plaintiff seeks reversal or remand" as required by this court's

Order Directing Filing of Briefs (September 2, 2005).[3]  However, in his brief, plaintiff argues that the ALJ misinterpreted the vocational expert's (VE's) testimony.  Brief at 4-5.

The ALJ denied plaintiff's claim at the fourth step of the sequential evaluation, after determining that he could perform his past relevant work as a service coordinator (AR 16-17).  It is the claimant's burden at the fourth step of the sequential evaluation to show an inability to return to any past relevant work.  *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980).  A VE's testimony is not required when the ALJ determines that a claimant is not disabled at step four of the sequential evaluation. *See Banks v. Massanari*, 258 F. 3d 820, 827 (8th Cir. 2001) (vocational expert testimony is not required until step five of the sequential analysis); *Parker v. Secretary of Health and Human Servs.*, No. 90-2084, 1991 WL 100547 at *3 (6th Cir. June 11, 1991); *Rivera v. Barnhart*, 239 F. Supp. 2d 413, 421 (D. Del. 2002).  However, the ALJ may use a vocational expert's services in determining whether a claimant can perform his past relevant work.  20 C.F.R. § 404.1560(b)(2) (a VE "may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy").  *See, e.g., Dukes v. Barnhart*, 436 F.3d 923, 928 (8th Cir. 2006) (observing that the ALJ may use a VE's "expert advice" to assist him in deciding whether the claimant can perform his past relevant work at step four of the evaluation).

Here, the ALJ used the VE's testimony to assist in determining whether plaintiff could perform any of his past relevant work.  When the ALJ posed a hypothetical question to the VE listing limitations similar to the RFC determination, the VE testified that such a person could

---

[3] Counsel is advised that failure to follow the court's briefing instructions could result in the rejection of future briefs.

perform plaintiff's past relevant work as a service coordinator (AR 170).  Then, the ALJ posed a more restrictive hypothetical question to the VE:

> ALJ: All right.  Assume I find the claimant's testimony to be true in all respects relevant to pain, discomfort and limitations.  Could he do his past relevant work?
>
> VE: No.  I don't believe so, Your Honor.
>
> ALJ: Would there be any jobs that exist in the regional or national economy he could perform?
>
> VE: No.

(AR 171).

Plaintiff contends that the VE's response to the second hypothetical question demonstrates that he could not perform his past relevant work, and that defendant "has failed in her burden of showing that 'there are jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medically determinable impairments, functional limitations, age, education and work experience.'" Plaintiff's Brief at 5.

The court disagrees.  First, plaintiff is applying the wrong legal standard. Plaintiff, not the ALJ, bears the burden to show that he cannot perform his past relevant work. *Allen*, 613 F.2d at 145.  The legal standard set forth in plaintiff's brief appears to be the standard applied at step five of the sequential evaluation, i.e., whether plaintiff could perform other work in the national economy. Because the ALJ denied plaintiff's claim at step four, the ALJ never addressed the issue raised at step five.

Second, the ALJ properly relied on the VE's testimony that plaintiff could perform his past relevant work.  A hypothetical question posed to a VE only needs to include those

6

limitations that the ALJ accepts as credible. *See Blacha v. Secretary of Health and Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). *See also Stanley v. Secretary of Health and Human Servs.*, 39 F.3d 115, 118 (6th Cir. 1994) ("the ALJ is not obliged to incorporate unsubstantiated complaints into his hypotheticals"). In the present case, the ALJ found that plaintiff's testimony "with respect to the extent and severity of his impairment and the resulting functional limitations, to be somewhat overstated and inconsistent with the available evidence" and that his allegations regarding his limitations were not totally credible (AR 14, 16).

An ALJ may discount a claimant's credibility where the ALJ "finds contradictions among the medical records, claimant's testimony, and other evidence." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997). *See also Tyra v. Secretary of Health and Human Servs.*, 896 F.2d 1024, 1030 (6th Cir. 1990) (ALJ may dismiss claimant's allegations of disabling symptomatology as implausible if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict). Such contradictions exist within the record here to enable the ALJ to discount plaintiff's credibility. The ALJ's RFC determination is supported by a consultative examination of plaintiff and the RFC assessment prepared by a non-examining DDS physician (AR 104-119). Plaintiff reported to the examining physician, H.D. Jones, M.D., that he had low back pain for 20 years (AR 104). Plaintiff also reported that he could perform "his activities of daily living" and that he performed the majority of chores at home for his disabled wife and two teenage children (AR 105). Dr. Jones found that plaintiff had a normal range of motion of all joints including neck, back, shoulders, elbows, wrists, hands, hips, knees, ankles and feet (AR 106). After reviewing plaintiff's medical records, the DDS physician found that plaintiff could lift 25 pounds

frequently, stand about 6 hours in an 8-hour workday and sit about 6 hours in an 8-hour workday (AR 113).

At the hearing, plaintiff testified that he suffers constant pain in the lower lumbar region, takes Vicodin when needed, can lift 10 to 15 pounds, cannot work due to spondylosis, and cannot work full time at a job requiring him to sit for four hours and stand for four hours (AR 155-63). Plaintiff also testified that while he could probably perform an assembler position for eight hours a day, he would be very stiff and sore (AR 165). Plaintiff further testified that his condition would result in missing "at least" 2 1/2 days of work per month (AR 165-66).

The ALJ did not accept all of plaintiff's testimony as credible. For example, the ALJ found that despite plaintiff's allegations of disabling pain: no physician had imposed a work preclusive limitation on his functioning; plaintiff was not a candidate for surgery; and imaging studies of his back "were negative for malalignment, herniation, stenosis, soft tissue injury, significant degeneration or erosive changes" (AR 15, 95, 120, 123). While plaintiff alleged that he suffered from significant pain, he did not consistently use prescription strength medications (AR 15, 155). Finally, plaintiff engaged in a number of daily activities such as preparing meals, washing dishes, doing basic household chores, driving, shopping, performing some home remodeling, taking care of his children and disabled wife, watching television, playing cards and collecting stamps (AR 15, 69-70, 105 156-58).

Based on this record, the ALJ could discount plaintiff's testimony regarding the extent of his limitations, and could choose to reject the VE's conclusions based upon the assumption that plaintiff's testimony was "true in all respects relevant to pain, discomfort and limitations" (AR 171).

**IV.     Recommendation**

I respectfully recommend that the Commissioner's decision be affirmed.

Dated:  May 23, 2006                             /s/ Hugh W. Brenneman, Jr.
                                                 Hugh W. Brenneman, Jr.
                                                 United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).